Joshua Koltun (Bar No. 173040)
Attorney
101 California Street
Suite 2450, No. 500
San Francisco, California 94111
Telephone: 415.680.3410
Facsimile: 866.462.5959
joshua@koltunattorney.com

Attorney for Defendants
Doe/Klim and Doe/Skywalker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| ART OF LIVING FOUNDATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CV 10-5022-LB<br><br>**MOTION TO QUASH OR MODIFY SUBPOENAS OF DEFENDANTS DOE KLIM AND DOE SKYWALKER AND TO PROCEED PSEUDONYMOUSLY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 17, 2011<br>Time: 11:00 am<br>Judge: Hon. Laurel Beeler<br>Courtroom: 4 |



Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

TABLE OF CONTENTS

FACTS ........................................................................................................................3

ARGUMENT ...............................................................................................................4

I. This Court Should Allow No Discovery, As It Has No Jurisdiction Over Defendants ..................4

II. Plaintiff Has Not Made A Sufficient Showing To Strip Any Defendant Of His Anonymity .........5

A. Before Stripping Defendants of their First Amendment Right to Speak Anonymously, A Court Must First Determine That Plaintiff Can Present a Prima Facie On Those Elements of Its Case That Are Within Its Control ...................................................................................5

III. Discovery on the Trade Secret Claim Must Be Stayed Under CCP § 2019.210, Since Plaintiff Has Failed to Identify Its Trade Secret With Sufficient Particularity..........................................8

IV. The Copyright Claim Does Not Provide a Basis for Stripping Skywalker of His Anonymity, -- Let Alone The Other Doe Defendants ............................................................................9

A. The Same Balancing of First Amendment Rights Against Plaintiffs Needs For Discovery Must Take Place With Regard to the Copyright Claim ....................................................9

B. Plaintiff Cannot Prove That It Suffered Any Real Cognizable Harm, And In Any Event, Stripping Skywalker of His Anonymity Will Not Assist Plaintiff in Proving Such Harm................11

Joshua Koltun ATTORNEY

TABLE OF AUTHORITIES

**Cases**

*Anonymous Online Speakers v. United States*, 2011 U.S. App. LEXIS 487 (9th Cir. 2011) .................7
*Big Seven Music Corp. v. Lennon*, 554 F.2d 504, 509 (2d Cir. 1977)...............................................12
*Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory,"* 283 F.3d 208, 216 n. 3 (4th Cir. 2002) ....................................................................................................................5
*Bates v. City of Little Rock*, 361 U.S. 516, 524(1960) ............................................................8
*Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 192 (1999);.........................................5
*Data Gen. Corp v. Grumman Sys. Support Corp.* 36 F.3d 1147, 1170-71 ...................................12
*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)...4
*Columbia Ins. Co v. Seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999);
*Dendrite v. Doe*, 775 A.2d 756, 760-61 (N.J. 2001)...................................................................6
*Doe v. 2themart.com*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001) ........................................5
*Flaherty v. Filardi*, 388 F. Supp. 2d 274, 283-284 (S.D.N.Y. 2005) ...............................................9
*Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969, 970-971 (N.D. Cal. 2005)...................6, 8
*Highfields*, 385 F. Supp. 2d at 971..........................................................................................9
*L.A. News Serv. v. Reuters TV Int'l*, 149 F.3d 987, 992 (9th Cir. 1998).......................................11
*McBride v. Merrell Dow & Pharm.*, Inc., 255 U.S. App. D.C. 183, 800 F.2d 1208, 1214 (D.C. Cir. 1986) ..................................................................................................................................7
*McVicker v. King*, 266 F.R.D. 92, 95-96 (W.D. Pa. 2010)..........................................................12
*Near v. Minnesota*, 283 U.S. 697 (1931) ....................................................................................6
*New York Times Co. v. United States*, 403 U.S. 713, 723-24 (1971) ...............................................6
*Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010). .....................................................8
*Reno v. ACLU*, 521 U.S. 844, 870 (1997)....................................................................................5
*R obert Stigwood Group v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir. 1976) ....................................12
*Rosemont Enterprises, Inc. v. Random House, Inc.*, 366 F.2d 303, 311 (2d Cir. 1966) (Lombard, J. and Hays, J., concurring) ..................................................................................................10

*Scott-Blanton v. Universal City Studios Prods.*, 246 F.R.D. 344, 348-349 (D.D.C. 2007)....................9

*Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D. N.Y. 2004) .............6

*Talley v. California*, 362 U.S. 60, 64 (1960) ..........................................................................5

*United States EPA v. Alyeska Pipeline Service Co.*, 836 F.2d 443, 447 (9th Cir. 1988).........................4

*USA Techs., Inc. v. Doe*, 713 F. Supp. 2d 901, 908 (N.D. Cal. 2010)...................................................5

*Watchtower Bible & Tract Soc'y of New York v. Village of Stratton*, 536 U.S. 150, 166-67, (2002) .....5

*Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001) .....................................................7

**Statutes**

15 USC § 1117..........................................................................................................11

17 USC § 504............................................................................................................11

California C.C.P. § 2019.210.................................................................................2, 8

**Rules**

Fed.R.Civ.P §26.....................................................................................7, 9, 12



Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

TO PLAINTIFF ART OF LIVING FOUNDATION AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 17, 2011, at 11 a.m., or as soon thereafter as counsel may be heard, in Courtroom Four of this court, located at 1301 Clay Street, Oakland, defendants Doe/Klim and Doe/Skywalker will specially appear and move the Court for an order quashing or modifying the subpoenas to Google, Inc. and Automattic, Inc., and for an order staying discovery pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, for leave to proceed herein under pseudonyms, and for attorney fees. This motion is based upon the Memorandum of Points and Authorities that follows, on the Motion to Dismiss and Memorandum of Points and Authorities in Support thereof, on the Special Motion to Strike Under Cal. CCP 425.16 and the Memorandum of Points and Authorities in Support thereof, Defendants' Request for Judicial Notice and the exhibits thereto, on the Declarations of Doe Klim and Doe Skywalker, all submitted herewith, on the Notice of Motion and Motion to Strike Plaintiff's Complaint and the Memorandum of Points and Authorities in support thereof, both filed simultaneously herewith, on all the pleadings, records and files in this case, and on such further material and argument as may be submitted at or before the hearing on this motion.

Defendant move that (i) the subpoenas be quashed in their entirety, (ii) that Defendants Klim and Skywalker be granted leave to proceed pseudonymously herein until furthert order of the Court, (iii) that the Order granting expedited discovery be vacated, (iv) that all discovery be stayed pending the Rule 26(f) conference.

**SUMMARY**

This motion in part relies on the Motion to Dismiss and the Special Motion to Strike, and logically those motions should be read first, in that order.

Expedited discovery was ordered subject to notice to the Doe defendants and opportunity for them to move to quash. Klim and Skywalker now do so by special appearance. Plaintiff's need to serve these Defendant has been satisfied, and the Court must now decide whether Plaintiff has shown sufficient cause to strip them of their anonymity. The First Amendment protects the right to speak anonymously, and this right must be balanced against Plaintiff's professed need for discovery.

On this procedural posture (motion to quash) this Court has held that a Plaintiff must show that "there is a real ***evidentiary*** basis for believing that the defendant has engaged in wrongful conduct that

has caused ***real harm*** to the interests of the plaintiff." In other words, Plaintiff must make a *prima facie* showing on its claims, or at least those claims as to which Plaintiff should need no discovery to be able to make such a showing.

For the reasons stated on the Special Motion to Strike, Plaintiff cannot make such a showing. Nor can it show that its failure to do so is due to its inability to discover the identity of Klim and Skywalker (or any other Doe). Discovering the identity of the Does will not alter the context in which the (allegedly defamatory) Statements were made, so will not enable Plaintiff to overcome the First Amendment requirements discussed on the Motion to Dismiss. Nor will the identity of the Does help Plaintiff establish that it has any trade secret, or that the disclosures of the Manuals constituted a disclosure of that trade secret.

Moreover, California Code of Civil Procedure section 2019.210 (which applies here in federal court) requires a Plaintiff to identify its trade secret with specificity before any discovery is allowed. Plaintiff has not identified its trade secret with anything approaching the requisite specificity.

The only cause of action not subject to the Special Motion to Strike is the copyright claim. But Plaintiff the foregoing First Amendment test still applies. Here, Plaintiff cannot show any serious cognizable harm. The document at issue was promptly removed from the internet once Skywalker was informed of Plaintiff's copyright claims. Because Plaintiff didn't register the copyright until after the alleged infringement, Plaintiff cannot obtain statutory damages or attorneys fees. It is only entitled to actual damages.

But here, there were almost certainly no such damages. The document at issue (Breath Water Sound Manual) is a teacher's manual for a course that was given ***for free***, primarily in Third World countries. Only a handful of people viewed the document when it was posted on the BAOL website for a few weeks, and it is unknown whether any of them were in the US. The only entity (if any) that may know anything more about those viewers is Wordpress/Automattic. Assuming arguendo that Plaintiff wants to proceed on its copyright claim, there is no showing that stripping Skywalker of anonymity will help its claim in any fashion.

And since the circumstances strongly suggest that the sole purpose of the copyright claim was to obtain discovery of the identity of the Does, the motion to quash should be granted.



Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

## *FACTS*

This motion incorporates the facts of the Motion to Dismiss and the Special Motion to Strike. The following additional facts are also relevant.

***Facts Regarding Anonymity.*** Klim or Skywalker reasonably fear that the disclosure of their identity would expose them and their families to harassment and retaliation from loyal adherents of Ravi Shankar. Decls. Klim ¶ 2 & SW, ¶3. They fear that disclosure of their own identities would set a precedent that would make others fearful that if they honestly voiced their opinions concerning Shankar and/or AOL, they too would face such harassment and retaliation. *Id.* These are not fanciful concerns; AOL adherents have widely circulated statements by an AOL Swami (i.e. a person high up in the AOL hierarchy) denouncing dissidents, which identified dissidents, including, in one example the person's name and country, as well as the names and contact information for (purported) ex-boyfriends and associates that could testify that the dissident in question was mentally unstable.[1] Both also have a legitimate concern that if their identities are revealed their former connection to an organization they now regard as a religious cult will be unnecessarily publicized. Decl.Klim ¶3, DeclSW, ¶4.

***Facts Regarding Copyright.*** Plaintiff published the Breath Water Sound Manual on June 1, 2003. Complaint, ¶ 49. Skywalker posted the document on July 21, 2010, and then removed it on August 27, 2010 after receiving a purported DMCA Notice relating to another document. Decl. SW at ¶ 9, Exh. E (to be filed under seal). Plaintiff applied to the US Copyright office for a copyright registration on the BWSM on October 19, 2010., Complaint, ¶ 50.

The Breath Water Sound program is designed to bring the essentials of the Art of Living Course to those who don't have the financial means to pay for them, and are thus cgenerally given free, primarily in Third World countries, but also in disaster-relief projects in the West. Decl.SW, ¶ 9; *see also* RJN, Exh. 11. The BWSM is designed for ***teachers*** of the BWSM program, not for the

---

[1] *Id,*, see RJN, ¶¶ 4, 5, 7, & Exhs. G1 (Swami letter), E8 (BAOL article discussing (redacted) copy of this letter) D5 (discussing reasons why commenters chose to post anonymously); Exh. D8 (post by "Anonymous," May 31, 2010, 1:38 PM), Exh. D3 (Comment on January 29, 2010 3:40AM: "I hope you guys are all located in the US. Had you been located in India by this time the AOL goons would have tracked you and shut you down.").

students of the program. *See id., Exh.* ***E***.

The only information Skywalker has with regard to viewers of the BWSM on his website is data generated by Wordpress/Automattic. Decl.SW, ¶ 12. Based on his understanding of that data, the webpage that contained the text of the BWSM was viewed 147 times in July 2010, and 351 times in August 2010, the only two months during which the BWSM was posted. *Id.* The data does not distinguish between multiple viewers viewing the page and a single viewer viewing the page multiple times. *Id.* The data does not provide information as to the countries in which the viewers reside.

## *ARGUMENT*

### *I. This Court Should Allow No Discovery, As It Has No Jurisdiction Over Defendants*

As a threshold matter, Plaintiff has not met its burden to establish that this Court has personal jurisdiction over Defendants Klim or Skywalker, or any of the Doe Defendants. When seeking discovery on personal jurisdiction, a plaintiff should be required to make some preliminary showing that it has at least some plausible basis to believe that this Court has jurisdiction over Defendants. Here, not only has Plaintiff not ***alleged*** that this Court has personal jurisdiction, but Plaintiff has not even alleged any facts, nor do any appear in the matters of which this Court can take judicial notice, that would give rise to even a reasonable inference that there is probable jurisdiction. There is no basis to believe that Defendants reside in the United States, let alone California. Moreover, there is no reason to believe that any of the allegedly defamatory statements was intended to be, or can reasonably be understood as being, "of and concerning" Plaintiff. See Motion to Dismiss, section I.

It thus appears that this lawsuit, and the discovery sought therein, is simply a fishing expedition whereby Plaintiff hopes to discover the identity of anonymous critics of Ravi Shankar. It is well within the district court's discretion to deny discovery requests where the plaintiff "offers only speculation" of jurisdiction -- "fishing expeditions" into jurisdictional facts are strongly disfavored. *See, e.g. United States EPA v. Alyeska Pipeline Service Co.*, 836 F.2d 443, 447 (9th Cir. 1988)(on motion to quash subpoena seeking to discover jurisdictional facts, governmental agency would not be entitled to conduct "fishing expedition"); *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003); *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum*



Joshua Koltun ATTORNEY

*Factory,"* 283 F.3d 208, 216 n. 3 (4th Cir. 2002) (holding that a court can deny a discovery request if "the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction"); *see also USA Techs., Inc. v. Doe*, 713 F. Supp. 2d 901, 908 (N.D. Cal. 2010)(denying discovery as to subject matter jurisdiction where Plaintiff could not show elements of its claim as to which no discovery should be required.)

Where, as here, the Plaintiff's own factual allegations plainly serve only to demonstrate the absence of proper jurisdiction, the Court should decline to extend this case further.

## *II. Plaintiff Has Not Made A Sufficient Showing To Strip Any Defendant Of His Anonymity*

### *A. Before Stripping Defendants of their First Amendment Right to Speak Anonymously, A Court Must First Determine That Plaintiff Can Present a Prima Facie On Those Elements of Its Case That Are Within Its Control*

The United States Supreme Court has consistently upheld the right to anonymous speech in a variety of contexts, noting that "[a]nonymity is a shield from the tyranny of the majority . . . [that] exemplifies the purpose [of the First Amendment] to protect unpopular individuals from retaliation . . . at the hand of an intolerant society." *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 357 (1995); *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 192 (1999); *Talley v. California*, 362 U.S. 60, 64 (1960); *Watchtower Bible & Tract Soc'y of New York v. Village of Stratton*, 536 U.S. 150, 166-67, (2002). This fundamental right enjoys the same protections whether the context for speech and association is an anonymous political leaflet, an Internet message board or a video-sharing site. *Reno v. ACLU*, 521 U.S. 844, 870 (1997) (there is "no basis for qualifying the level of First Amendment scrutiny that should be applied to" the Internet). *See also, e.g., Doe v. 2themart.com*, 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001) (anonymous speech promotes free exchange of ideas).

The concern animating these and similar decisions -- that the Court's discovery processes not be misused to stifle criticism on the internet -- is particularly applicable here. It is evident on the face of the complaint that Plaintiff seeks to silence critics of Ravi Shankar. The Complaint seeks "a preliminary and permanent injunction ***restraining Defendants from operating the Blogs and requiring that the Blogs be removed from the Internet***." Complaint, 19:4-6. The Supreme Court ruled almost eighty years ago that such a prior restraint cannot issue against the future publication of a



Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

“"a malicious, scandalous and defamatory newspaper, magazine or other periodical.” *Near v. Minnesota*, 283 U.S. 697 (1931); *accord New York Times Co. v. United States*, 403 U.S. 713, 723-24 (1971) (barring a prior restraint against publication of *Pentagon Papers*, even assuming, *arguendo*, that such publication could be prosecuted under Espionage Act).

The First Amendment also requires that the anonymous Defendants be given adequate notice of the pending action and of Plaintiff's attempts to unmask them. *Dendrite v. Doe*, 775 A.2d 756, 760-61 (N.J. 2001). Here, this Court was presented, in an *ex parte* hearing, with a one sided presentation of the case that included allegedly defamatory statements purportedly relating to plaintiff being quoted out of context. In that posture, the Court provisionally allowed discovery to go forward, taking care, however, to ensure that Defendants' were given proper notice. By ordering Google and Automattic to serve Defendants with notice of the subpoena and of this Court's Order, and provide them with 30 days to respond with a motion to quash, the Court necessary implied that its previous order was without prejudice to being reconsidered upon a full record and after hearing argument from Defendants. Although Google and Automattic did not strictly comply with this Court's Order regarding service, Defendants Klim and Skywalker appear specially to defend their First Amendment right to speak anonymously, and to proceed herein pseudonymously.

In this posture – where anonymous Defendants have appeared and moved to quash -- this Court has held that a Plaintiff must show that “there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff.” *Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969, 970-971 (N.D. Cal. 2005)(*citing Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D. N.Y. 2004) and *Columbia Ins. Co v. Seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999); *accord USA Techs., Inc. v. Doe*, 713 F.Supp.2d 901, 907 (N.D. Cal. 2010). In *Highfields Capital*, plaintiff was suing for defamation and trade libel. *Id.* The Court determined after reading the allegedly defamatory statements in context, that Defendants were not literally asserting as a factual matter that plaintiffs had uttered certain words, but rather were making a “sardonic” or “sarcastic” comment. *Id.*, 385 F. Supp at 970-71. Since this was not actionable defamation, the motion to quash was granted. *Id.*

Joshua Koltun ATTORNEY

In a very recent decision, *Anonymous Online Speakers v. United States Dist. Court*, the Court of Appeals for the Ninth Circuit, citing *Highfields Capital*, upheld the trial court's ruling applying a similarly stringent standard on a motion to quash a subpoena for the identity of anonymous interenet posters . *Id*, 2011 U.S. App. LEXIS 487 (9th Cir. 2011) ("In re Anonymous Online Speakers"). Since that case arguably presented a case that might be subject to the lesser "commercial speech" standards under First Amendment law, the Court did not determine whether application of the *Highfields* or similar standard was mandatory, ruling only that the trial court had the discretion there to apply such a standard. *Id.* at 19. The Court strongly suggested, however, that such a rigorous standard *would* be applicable in a case presenting speech that was subject to a higher level of First Amendment protection, namely, "political, ***religious***, or literary speech." *Id.* at *18 (emphasis added).

Quite apart from the issue of anonymity, Courts should exercise control over discovery, requiring that discovery be stayed on certain issues pending a determination whether the defendants can overcome potentially dispositive First Amendment defenses. "[T]rial courts are understandably wary of allowing unnecessary discovery where First Amendment values might be threatened .. the District Court may in its discretion limit discovery to the threshold issue of falsity, thereby delaying and possibly eliminating the more burdensome discovery surrounding evidence of "actual malice." *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 628 (D.C. Cir. 2001)(*citing McBride v. Merrell Dow & Pharm.*, Inc., 255 U.S. App. D.C. 183, 800 F.2d 1208, 1214 (D.C. Cir. 1986)); *see also* Fed.R.Civ.P 26 (b)(2)(C)("court must limit the … discovery otherwise allowed by these rules or by local rule if it determines that … the burden … of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.").

Courts in the foregoing cases have upheld the rights of anonymous internet speakers to preserve their anonymity, based on general free speech concerns, and without any special showing on the part of the speakers that they fear harassment or retaliation. Where, as here, the record shows a quite reasonable concern on the part of the speakers that they might face harassment or retaliation, the Court should be even more reluctant to strip the speakers of their anonymity. *See, e.g., NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958); *Bates v. City of Little Rock*, 361 U.S. 516,

Joshua Koltun ATTORNEY

524(1960); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010).

Here, as set forth on the Motion to Strike, Plaintiff cannot make out a *prima facie* case on all elements of the defamation, trade libel, or trade secret claims. Moreover, Plaintiff cannot show that its inability to present a *prima facie* case turns on any discovery it might take of the Doe Defendants. *Highfields Capital*, 385 F.Supp.2d at 970-71. Here, as in *Highfields Capital*, if the statements at issue are constitutuionally protected opinion, stripping Defendants of their anonymity will not save Plaintiff's claim. The same is true of other elements, such as "of or concerning," or whether the Manuals that were briefly posted on the internet contained protected Trade Secrets.

Similarly, because of the Communication Decency Act Section 230, even if a prima facie case were made out as to one Statement, or on the Trade Secret claim, it would only warrant discovery at to the identity of that person, and not to the discovery of the other Defendants.

## ***III. Discovery on the Trade Secret Claim Must Be Stayed Under CCP § 2019.210, Since Plaintiff Has Failed to Identify Its Trade Secret With Sufficient Particularity***

A separate and independent reason why discovery in this case must be stayed is that California substantive trade secrets law requires that in "any action alleging the misappropriation of a trade secret …, before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity." C.C.P. § 2019.210 [previously designated as 2019(d)]. This requirement is applicable in the federal courts applying California trade secrecy law. *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 988 (S.D. Ca. 1999); *accord Pixion, Inc. v. Placeware, Inc.***,** 421 F. Supp. 2d 1233, 1242 (N.D. Cal. 2005). Among other goals, this section was intended to "curb and deter plaintiffs from asserting unsupported trade secret claims" in an effort to discover the confidential information of their adversaries. *Computer Economics*, 50 F.Supp.2d at 988.

As explained in the Motion to Strike, section II.C.1, Plaintiff has not identified its trade secret with particularity. Indeed, the description of the alleged "trade secret" is so willfully obscure, and so patently intertwined with an effort to stifle dissenters from the religious organizations surrounding Ravi Shankar, that this Court should apply particular scrutiny to any purported identification of trade secrets before granting discovery on that claim .

Joshua Koltun ATTORNEY

***IV. The Copyright Claim Does Not Provide a Basis for Stripping Skywalker of His Anonymity, -- Let Alone The Other Doe Defendants***

***A. The Same Balancing of First Amendment Rights Against Plaintiffs Needs For Discovery Must Take Place With Regard to the Copyright Claim***

The only claim remaining in the case is the copyright claim. Since this claim only applies to Skywalker (the host of the BAOL Blog) discovery against any other speaker on the blog must be quashed.

With respect to Skywalker, the same principles regarding the balancing of his First Amendment right to anonymity apply here. Plaintiff must show that "there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Highfields*, 385 F. Supp. 2d at 971.

Here, quite apart from the requirements of the First Amendment, this Court has the inherent power to limit discovery that is needlessly burdensome in the Copyright context. Fed.R.Civ.P 26(b)(2)(C); *see, e.g., Flaherty v. Filardi*, 388 F. Supp. 2d 274, 283-284 (S.D.N.Y. 2005) (upholding trial court order staying *all* discovery in Copyright case pending summary judgment motion on *certain* issues, where disposition of the issues might narrow the scope of the litigation); *see also Scott-Blanton v. Universal City Studios Prods.*, 246 F.R.D. 344, 348-349 (D.D.C. 2007) (denying motion to allow discovery under Rule 56(f) in Copyright case where proffered plan of discovery "does not rise above mere speculation" and implausible "implausible" hypothesis as to what discovery might show).

The requirement that Plaintiff make such a showing is all the more vital here, because the peculiar sequence of procedural events strongly suggests that the copyright claim was manufactured ***solely*** for the purpose of identifying Doe defendants, and is inextricably intertwined with an effort to chill Doe defendants from freely expressing their criticisms of Shankar and the organizations that surround him. Although the Complaint indicates that "Defendants" published the Breath Water Sound Manual ("BWSM") on the Blogs, where "on information and belief it was viewed by thousands of people … before Plaintiff was able to get it removed through a Digital Millenium Copyright Act takedown notice," Complaint, ¶ 71, the sequence of events is somewhat more complicated.

- On July 21, 2010**,** Skywalker posted the "Breath Water Sound Manual" ("BWSM")
- On August 14, 2010, an AOL-related organization served Automattic with what Automattic chose to interpret as a Digital Millenium Copyright Act takedown notice, which ***did not assert any copyright in the BWSM,*** only in the SK Notes (as to which no copyright claim is made here); Decl.SW ¶ 10 & Exh. F;
- On August 25, 2010 Skywalker learned of the takedown notice;
- On August 27, 2010, Skywalker deleted the posting of the BWSM, as well as the SK Notes;
- On October 19, 2010, Plaintiff (AOL of the United States) applied for copyright registration for the Breath Water Sound manual.

"The spirit of the First Amendment applies to the copyright laws at least to the extent that the courts should not tolerate any attempted interference with the public's right to be informed regarding matters of general interest when anyone seeks to use the copyright statute which was designed to protect interests of quite a different nature." *Rosemont Enterprises, Inc. v. Random House, Inc.*, 366 F.2d 303, 311 (2d Cir. 1966) (Lombard, J. and Hays, J., concurring). In that case, the Court of Appeals reversed the grant of an injunction, on copyright grounds, to a Howard Hughes-owned entity that had sought to prevent publication of a biography that was critical of Hughes. *Id.* The concurring Justices found it significant that the record "pointed to the existence of a scheme developed by Hughes and his attorneys and employees to prevent the publication of any biography of Hughes and, in particular, the [critical] biography. *Id.* at 12.

Here, too, Plaintiff seeks an injunction "retraining Defendants from operating the Blogs and requiring that the Blogs be removed from the internet," Complaint at 19:4-6, and here, too, it is apparent that Ravi Shankar and his lawyers have manufactured a copyright claim as part of a scheme to silence his critics.



Joshua Koltun ATTORNEY

### B. *Plaintiff Cannot Prove That It Suffered Any Real Cognizable Harm, And In Any Event, Stripping Skywalker of His Anonymity Will Not Assist Plaintiff in Proving Such Harm*

The BWSM was published in 2003. Complaint, ¶ 49. As noted, Skywalker's alleged "copying" took place in July of 2010 and ended in August of 2010. Plaintiff did not apply to register the copyright until October 2010. Complaint, ¶ 50. Where, as here, the copyright owner fails to register its work within three months of publication and the infringement occurs prior to registration, the copyright owner is not entitled to statutory damages or attorneys fees. 17 U.S.C. 412.

Thus plaintiff, at best, would be entitled to recover "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing actual damages." 17 USC § 504(b). Certainly Plaintiff is not entitled to the damages it has requested -- "in an amount to be determined at triral, including three times the amount found as actual damages by the trier of fact under 15 USC § 1117(a) and (b)," Complaint at 19:7-10 – for those are provisions of the Lanham Act.[2]

Plaintiff has not alleged that Defendants profited from the infringement, nor indeed would it be possible to do so from posting the BWSM for free on the internet. Plaintiff has not alleged that it itself profits from the BWSM. And indeed, it does not. The Breath Water Sound program is aimed at indigent students in the Third World, and disaster survivors in the West, and is taught for free. Decl.SW., ¶ 11).

Even if it were the case that BWSM was taught as part of Plaintiff's fee-based "Art of Living" course, only a handful of people viewed the page on which the BWSM was posted during a few weeks in 2010. And of those few people, it is unclear whether any of them were in the United States. Actual damages are not available to the copyright holder for extraterritorial copying unless the damages flowed an infringing act that occurred in the United States. *L.A. News Serv. v. Reuters TV Int'l*, 149 F.3d 987, 992 (9th Cir. 1998); *accord Robert Stigwood Group v. O'Reilly*, 530 F.2d 1096, 1101 (2d

---

[2] The same analysis would apply in the event that Plaintiff's trade libel claim were survive, since under California law a cause of action for damages for trade libel requires pleading and proof of special damages in the form of pecuniary loss." *Leonardini v. Shell Oil Co.*, 216 Cal. App. 3d 547, 572 (Cal. App. 1989)



Joshua Koltun ATTORNEY

Joshua Koltun ATTORNEY

Cir. 1976).

Moreover, even assuming that Plaintiff were somehow able to discover a handful of persons who viewed the BWSM on the BAOL Blog, it would still be plaintiff's burden to show that the infringement was the proximate cause of any actual damages. *Data Gen. Corp v. Grumman Sys. Support Corp.* 36 F.3d 1147, 1170-71, *accord Big Seven Music Corp. v. Lennon*, 554 F.2d 504, 509 (2d Cir. 1977).

But the causation inquiry would itself raise troubling questions. How can one ever prove wehther anyone failed to take an (paid) AOL Course? Was the infringement the but-for causation of people dropping (or failing to take) an AOL course, or might it have been constitutionally protected criticism of Ravi Shankar? Defendants respectfully suggest that any discovery of any hypothetical third-party witnesses on this issue would itself be an unacceptable invasion of the First Amendment rights of free speech, free conscience, and the free exercise of religion of third parties, and that this Court should bar such discovery as unnecessarily burdensome on such third parties. Skywalker has standing to assert such rights on behalf of the viewers of his Blog. *McVicker v. King*, 266 F.R.D. 92, 95-96 (W.D. Pa. 2010)( "entities such as newspapers, internet service providers, and website hosts may, under the principle of *jus tertii* standing, assert the rights of their readers and subscribers."). He respectfully requests that all discovery be stayed pending further order of this Court.

But in any event, for ***Skywalker has no way of knowing who any such hypothetical "free rider"third-party witnesses are.*** It is unknown whether Automattic has the capability of determining who viewed the BWSM page in July or August of 2010, but in any event Plaintiff does not need to learn the identity of Skywalker or any other Doe defendant in order to conduct discovery into that.

***Conclusion***

Thus, Defendants respectfully request that this Court quash the subpoenas, vacate the Order permitting expedited discovery, and stay all discovery in this case pending the Rule 26(f) conference and further order of this Court.

Dated: January 31, 2011

_____\s________________
Joshua Koltun
Attorney for Defendants
Doe/Klim and Doe/Skywalker